# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GARY SINGLETON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JUPITER COMMUNITIES, LLC, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 2:12-cv-02056-JAD-PAL <br><br> **ORDER** <br><br> (Mtn to Strike Ex. Discl. - Dkt. #21) <br> (Counter-Motion - Dkt. #23) |

This matter is before the court on Defendant Jupiter Communities, LLC's Motion to Strike Plaintiff's Expert Witness Disclosure (Dkt. #21) filed July 26, 2013. The court has considered the Motion, Plaintiff Gary Singleton's Opposition and Counter-Motion for Extension of Time for Expert Disclosures; for Inspection of Bart Fordin's Apartment; and for Extension of Discovery (Dkt. #23); Defendant's Reply to the Motion and Response to the Counter-Motion (Dkt. #30), and Plaintiff's Reply (Dkt. #33).

## BACKGROUND

On December 12, 2012, Plaintiff filed a Complaint (Dkt. #1) alleging unlawful employment discrimination against Defendant. Specifically, the Complaint alleges that Plaintiff was employed by Defendant as a maintenance supervisor. Complaint ¶ 10. On April 5, 2011, Plaintiff injured his right arm and shoulder, tearing his rotator cuff in a workplace injury. *Id*., ¶ 11. On July 28, 2011, and despite his doctor's restrictions, Plaintiff was allegedly directed by his supervisor to move a dryer into an upstairs apartment. *Id.* at ¶ 14. As he was lifting the dryer, his hand slipped, and he fell backward down sixteen stairs. *Id.* at ¶ 15. Plaintiff claims he was harassed by his supervisor about when he would return to work and eventually terminated for pursuing a workers' compensation claim. *Id.* at ¶¶ 15, 17.

///

In an Order (Dkt. #17) entered April 10, 2013, the court approved the parties' Stipulated Discovery Plan and Scheduling Order (Dkt. #16). The Order set June 27, 2013, as the deadline for disclosing expert witnesses. On June 27, 2013, Plaintiff disclosed Kevin B. Kirkendall as his economic expert witness. *See* Disclosure (Dkt. #19). The disclosure contained three exhibits–Mr. Kirkendall's curriculum vitae, a list of cases in which Mr. Kirkendall had testified, and Mr. Kirkendall's fee schedule. *Id.* Additionally, the disclosure provided that Kirkendall's expert report was "to be supplemented." *Id.* at 1:20-21.

**DISCUSSION**

**I.     The Parties' Positions.**

    **A.     Defendant's Motion to Strike.**

Defendant seeks an order pursuant to Rule 37 of the Federal Rules of Civil Procedure striking Plaintiff's expert disclosure because on the June 27, 2013, deadline for disclosing expert witnesses, Plaintiff submitted the resume of his expert, and an inadequate list of the expert testimony without an accompanying expert report. Defendant contends the prior testimony record is inadequate because it does not contain the courts or case numbers in which Mr. Kirkendall provided the expert testimony, and without this information, Defendant is unable to locate the expert's prior testimony. Additionally, the disclosure does not comply with the requirements of Rule 26(a)(2)(B) governing the required content of a written expert report.

    **B.     Plaintiff's Response and Counter-Motion.**

Plaintiff responds that he timely filed his expert disclosure, but because the expert was on vacation, he was unable to attach the expert's report. Additionally, Plaintiff took the deposition of a non-party eyewitness, Bart Fordin. Mr. Fordin testified he was sitting on the couch when he witnessed Plaintiff allegedly staging the July 28, 2011, fall. Counsel for Plaintiff maintains Fordin could not possibly have witnessed Plaintiff's fall from where he was seated in his apartment. Therefore, Plaintiff requests that the court allow Plaintiff and an unidentified engineering expert to inspect Mr. Fordin's apartment pursuant to FRCP 34.3(2). Additionally, Plaintiff requests an extension of time for expert disclosures "which would make Defendant's motion **moot.**" Opposition and Counter-Motion

///

1  (Dkt. #23) at 2:16-17 (emphasis in original).  Finally, Plaintiff requests additional time to depose two
2  witnesses, Megan Lopez and Chris Heller, and to allow Defendant to depose Plaintiff's expert.

3       **C.**      **Defendant's Reply to Motion to Strike & Opposition to Counter-Motion.**

4        Defendant opposes the Counter-Motion, asserting that Plaintiff has not cited adequate legal
5  authority to support his request to continue the expert disclosure deadline, for inspection of Mr.
6  Fordin's apartment, or to continue the discovery cutoff.  Therefore, all three requests should be denied.
7  First, Plaintiff's request to extend the expert disclosure deadline is untimely because it was not filed
8  twenty-one days before the deadline, and the request does not comply with LR 26-4.  Therefore,
9  Plaintiff must show excusable neglect for his failure to act before the expiration of the deadlines.
10  Second, with respect to Plaintiff's request for inspection of Mr. Fordin's apartment, Plaintiff must serve
11  Mr. Fordin with a timely subpoena pursuant to Rule 34(c) of the Federal Rules of Civil Procedure,
12  describing with reasonable particularity a reasonable time, place, and manner for the inspection.
13  Defendant asserts Plaintiff has not established good cause for an intrusive inspection of Mr. Fordin's
14  apartment or that an inspection is relevant or necessary to support a claim or defense in this case.

15        With respect to the Motion to Strike, Plaintiff replies that Plaintiff's failure to include Mr.
16  Kirkendall's former testimony and failure to disclosure Mr. Kirkendall's report is not substantially
17  justified or harmless.  Defendant asserts it has been prejudiced by Plaintiff's failure to comply with
18  Rule 26's disclosure requirements because it cannot prepare for Mr. Kirkendall's deposition or prepare
19  its own rebuttal expert witness for trial.  Additionally, granting Plaintiff an extension of the deadlines to
20  designate and make the required disclosures will cause Defendant to incur additional costs and fees.
21  Defendant asks that the court deny Plaintiff's Counter-Motion with prejudice.

22       **D.**      **Plaintiff's Reply to Counter-Motion.**

23        Plaintiff represents that after his expert returned from vacation, "he had gone up on his fees.  It
24  took Plaintiff a while [sic] to come up with his new fee."  Reply at 2:5-6.  However, Plaintiff was able
25  to pay the expert and now has the money to prosecute this case fully.  Plaintiff acknowledges that he
26  was unable to secure his expert in a timely manner because of a lack of finances.  Plaintiff's counsel did
27  not file a motion for extension earlier because she has had a serious health issue, and now requests the
28  / / /

extension because she does not want to prejudice her client.  Plaintiff has attached Mr. Kirkendall's August 20, 2013, expert report as Exhibit 1 to the Reply.

With regard to Plaintiff's request for an extension of the discovery deadlines, Plaintiff scheduled the depositions of Megan Lopez and Chris Heller for August 22, 2013, and August 23, 2013, before the discovery cutoff.  Defendant's prior counsel indicated the witnesses were unavailable and asked for more time, but when Plaintiff called Defendant's counsel on August 21, 2013, to reschedule, there was no response, so Plaintiff "cancelled the depositions to be taken at a later date after the discovery cutoff date."  Reply at 2:12-13.  Plaintiff asserts Defendant will not be prejudiced by the delay.  Based on photographs Plaintiff provided, Plaintiff believes it is literally impossible for Fordin to have witnessed the accident.  Plaintiff therefore needs to inspect Fordin's apartment with an engineer and to designate an engineering expert witness to offer an opinion to this effect.

## II. Applicable Law & Analysis.

### A. Motion to Strike Expert Disclosure.

Federal Rule of Civil Procedure 26 requires parties to disclose the identity of any person who may be used as an expert witness.  Fed. R. Civ. P. 26(a)(2)(B).  Rule 26 provides that, "[t]hese disclosures shall be made at the times and in the sequence directed by the court."  Fed. R. Civ. P. 26(a)(2)(C).  For each disclosed expert, Rule 26(a)(2)(B) requires that an expert witness disclosure be accompanied by a written report prepared and signed by the witness containing: (1) a complete statement of all opinions and the basis and reasons therefor; (2) the data or other information considered by the witness in forming the opinions; (3) any exhibits to be used as a summary of or support for the opinions; (4) the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; (5) the compensation to be paid for the study and testimony; and (6) a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.  Fed. R. Civ. P. 26(a)(2)(B).  An expert's report must be "detailed and complete."  *Elgas v. Colorado Belle Corp.*, 179 F.R.D. 296, 300 (D. Nev. 1998) (quoting *Sierra Club v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 571 (5th Cir. 1996)).  Expert reports are required in order to eliminate unfair surprise to the opposing party and to conserve resources.  *Elgas*, 179 F.R.D. at 299 (quoting *Reed v. Binder*, 165 F.R.D. 424, 429 (D.N.J. 1996)).

In *Elgas,* the court struck the designation of an expert because he had not listed in his report the cases in which he had testified as an expert. *Id*. at 300. In striking the designation, the court observed that the disclosure of prior recorded testimony is designed to give the other party access to useful information to meet the proposed experts' opinions. *Id.* Disclosing an expert's prior testimony will prevent the "proliferation of marginal or unscrupulous experts." *Id.*

Rule 37 of the Federal Rules of Civil Procedure authorizes sanctions for a party's failure to make disclosures or cooperate in discovery. Rule 37(c)(1) provides, in relevant part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1). Rule 37(a)(3) explicitly provides that an evasive or incomplete disclosure, answer, or response to a discovery obligation "is to be treated as a failure to disclose, answer, or respond."

A literal reading of Rule 37(a)(3) and (c)(1) compels the conclusion that an expert's trial testimony should be automatically excluded if a party fails to strictly comply with the requirements of Rule 26(a)(2)(B) unless the court finds that there was a substantial justification for the failure to make complete disclosure, or that the failure to disclose is harmless. *Elgas,* 179 F.R.D. at 299 (citing *Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 503 (D. Md. 1997)). In the Ninth Circuit, "[t]he district court is given broad discretion in supervising the pretrial phase of litigation." *Continental Lab.*, 195 F.R.D. 675, 677 (S.D. Cal. 2000) (quoting *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985)). If full compliance with Rule 26(a) is not made, Rule 37(c)(1) mandates some sanction, "the degree and severity of which are within the discretion of the trial judge." *Keener v. United States*, 181 F.R.D. 639, 641 (D. Mont. 1998).

The Ninth Circuit reviews a district court's decision to sanction for a violation of the discovery rules for abuse of discretion which gives "particularly wide latitude to a district court's discretion to issue sanctions under Rule 37(c)(1)." *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (*citing Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001)). The burden is on the party facing discovery sanctions

under Rule 37(c)(1) to prove harmlessness. *Torres v. City of Los Angeles,* 548 F.3d 1197, 12123 (9th Cir. 2008) (citing *Yeti by Molly,* 259 F.3d at 1107). Exclusion of an expert's testimony for failure to comply with the requirements of Rule 26(a) is a sanction available to the trial court within its wide discretion under Rule 37(c)(1) even in the absence of showing a bad faith or willfulness. *Yeti by Molly,* 259 F.3d at 1106.

The district court also has discretion to exclude expert witnesses who have not been timely disclosed in compliance with the court's scheduling order. *Wong v. Regents of the University of California*, 410 F.3d 1052, 1062 (9th Cir. 2005). As the Ninth Circuit recognized, courts enter scheduling orders "to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to." *Id*. Therefore, when a party fails to identify expert witnesses, and provide the disclosures required by Rule 26(a)(2) in accordance with the court's scheduling order, "[d]isruption to the schedule of the court and other parties in that manner is not harmless." *Id*. The Ninth Circuit has affirmed exclusion of expert testimony when the expert was disclosed twenty days late and the expert reports were six weeks late. *See Quevedo v. Trans-Pacific Shipping, Inc.*, 143 F.3d 1255 (9th Cir. 1998).

Here, Plaintiff did not submit an expert report containing Kirkendall's opinions until August 20, 2013, nearly two months after the expiration of the expert witness disclosure deadline. The initial disclosure did not strictly comply with the requirements of Rule 26(a)(2)(B). The court should therefore exclude Kirkendall's testimony unless the failure to comply was substantially justified or harmless. Plaintiff's counter motion for an extension initially claimed that Kirkendall's report was not prepared because the expert was on vacation when the report was due. In the reply to Defendants' opposition, counsel for Plaintiff argued, for the first time, that the expert fees had increased, and Plaintiff lacked the financial wherewithal to pay for the expert. Plaintiff's reply also claimed for the first time that counsel's health problems were responsible for her failure to timely request an extension before the expiration of the deadline.

Defendant filed the motion to strike a month after the expiration of the deadline for designating experts, and three days before the deadline for designating rebuttal experts. The motion to strike was filed by prior counsel for Defendants, and it does not appear that counsel for Defendants communicated

with counsel for Plaintiff about her failure to provide a rule-compliant expert report and the inadequacies noted in the disclosures concerning the prior testimony before filing the motion. Under all of these circumstances, the court finds that Plaintiff's failure to timely serve opposing counsel with a fully-compliant Rule 26(a)(2)(B) expert disclosure was not substantially justified. If, as Plaintiff now claims, he needed additional time to gather funds to pay for the expert services, counsel could have and should have requested an extension of the discovery plan and scheduling order deadlines before the expiration of the deadline. Surely, counsel for Plaintiff must have known at the time she served her disclosure of Mr. Kirkendall as an expert that a report had not yet been prepared, and that her client was unable to afford to pay for Mr. Kirkendall's services.

However, the court and opposing counsel are aware that counsel for Plaintiff has had some serious health issues. Additionally, defense counsel requested that two depositions the Plaintiff had noticed before the expiration of the discovery cutoff be continued because the witnesses were unavailable. Defense counsel proposed that they be rescheduled in September after the discovery cutoff. Thus, defense counsel understood there was a need to adjust the discovery plan and scheduling order deadlines at least for this purpose. The court therefore finds that the failure to timely disclose was harmless because defense counsel understood the deadlines would need to be extended at least to complete these two depositions.

Mr. Kirkendall has now prepared an expert report. Mr. Kirkendall was retained to provide an opinion concerning the present value of the Plaintiff's pre-injury earnings and benefits. His opinions calculate and quantify the present value of Plaintiff's lost earnings based on information clearly available to the employer. The court will therefore grant Plaintiff's request for an extension of the expert disclosure deadline as to Mr. Kirkendall. The court will also compel Plaintiff to supplement Mr. Kirkendall's report to provide a further description of the witness' prior testimony sufficient to give Defendant access to Mr. Kirkendall's prior recorded testimony. Defendant will have an opportunity to designate a rebuttal expert, and to depose Mr. Kirkendall if counsel desires to do so.

Additionally, the court will grant Plaintiff's request for an extension of the discovery plan and scheduling order deadlines to allow her to depose Chris Heller and Megan Lopez which were scheduled for deposition before the existing discovery cutoff. Counsel for Plaintiff represents that prior counsel

for Defendant indicated the witnesses were not available on the dates originally scheduled for the depositions. Defense counsel requested that they be produced some time in September after the discovery cutoff. *See* email attached as Exhibit 3 to Plaintiff's Reply to Counter-motion (Dkt. #33-3). Counsel for Plaintiff attempted to communicate with counsel to reschedule the depositions before the expiration of the discovery cutoff. She unilaterally cancelled the depositions after being advised the witnesses were not available when she was unable to communicate directly with defense counsel about new dates. Apparently, an insurer for Defendant's parent company accepted a tender of defense in this case which resulted in substitution of counsel for the Defendant. Applications to substitute counsel for Defendant were filed August 19 and 20, 2013 (Dkt. #29, 31). A subsequent motion to substitute was filed August 29, 2013 (Dkt. #36). The court granted the motion to substitute August 30, 2013.

However, the court will deny Plaintiff's request for an extension to conduct a Rule 34 inspection of Mr. Fordin's apartment and to designate an additional engineering expert. Mr. Fordin was deposed on July 18, 2013. Plaintiff does not claim that she was surprised by Mr. Fordin's testimony that he witnessed the accident from his apartment and believed that Plaintiff staged the accident. Counsel for Plaintiff attached Mr. Fordin's October 25, 2011, affidavit to her opposition and counter-motion, along with excerpts of Mr. Fordin's July 18, 2013, deposition. From the excerpts of the transcript, it is clear that counsel for Plaintiff had received Mr. Fordin's prior affidavit before his deposition. Mr. Fordin's affidavit indicated that he witnessed the accident on July 28, 2011 from his apartment. *See* Fordin Affidavit ¶ 3, Exhibit 1 to Opposition and Counter-Motion (Dkt. #23). Fordin averred that he witnessed the Plaintiff "purposely throw himself down the stairs into the side wall of the stairs, catching himself with his right arm/hand, and then lay down at the bottom of the stairs." *Id*., ¶ 5. It was Fordin's impression that the Plaintiff had "wilfully, purposefully, and intentionally caused himself to stumble down the stairs, and that this was not an accidental fall." *Id*., ¶ 6. In short, Plaintiff was aware of Mr. Fordin's adverse testimony well before the deposition and had more than an adequate opportunity to decide how to address his adverse testimony within the deadlines.

For all the foregoing reasons,

**IT IS ORDERED:**

1. Defendant's Motion to Strike (Dkt. #21) is **DENIED**.

2. Plaintiff shall have until **October 10, 2013, in** which to supplement Mr. Kirkendall's expert report to provide a further description of Mr. Kirkendall's prior testimony sufficient to give the Defendant access to any of his prior recorded testimony.

3. Plaintiff's Counter-Motion (Dkt. #23) is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. Counsel for the parties shall forthwith meet and confer to schedule the depositions of Chris Heller and Megan Lopez no later than **October 24, 2013.**

   b. Plaintiff is granted relief from the expert disclosure deadline with respect to Mr. Kirkendall's report.

   c. Plaintiff's request for an extension to conduct an inspection of Mr. Fordin's apartment, and to designate an engineering expert is **DENIED**.

4. Defendants shall have until **October 24, 2013,** in which to depose Mr. Kirkendall, and designate a rebuttal expert. In the event Defendant elects to designate a rebuttal expert, Plaintiff shall have until **November 7, 2013**, in which to depose the rebuttal expert.

5. The deadline for filing dispositive motions is extended until **December 5, 2013**.

6. The deadline for filing the joint pretrial order is extended until **January 3, 2014**. In the event dispositive motions are timely filed, the date for filing the joint pretrial order shall be suspended until 30 days after a decision of the dispositive motions. The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.

Dated this 26th day of September, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE