# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Gary Singleton,

            Plaintiff,

vs.

Jupiter Communities, LLC,

            Defendant.

Case No.: 2:12-cv-2056-JAD-PAL

**Order Granting Motion to Strike Statement of Non-Opposition and Referring Motion to Compel to Magistrate Judge [Doc. 44]**

      Plaintiff Gary Singleton has filed this employment action against his former employer, Jupiter Communities. Doc. 1. On September 25, 2013, Jupiter moved for Summary Judgment, Doc. 38, within the period specified in the Court's Scheduling Order. Doc. 17. On September 30, 2013, U.S. Magistrate Judge Leen issued an Order on a discovery matter, Doc. 39, which extended the dispositive motions deadline to December 5, 2013. Doc. 39 at 9.

      By October 23, 2013, no response to Jupiter's motion had been filed, and Jupiter filed a notice of non-opposition. Doc. 43. On October 31, 2013, Plaintiff Singleton, who is represented by counsel, filed a combined "motion to strike" and a "motion to compel," in

which he seeks an order setting aside the motion for summary judgment under the belief that such a motion should have been filed between November 7, 2013, and December 5, 2013. Doc. 44.[1]  On December 1, 2013, Singleton filed a response to Jupiter's motion for summary judgment.  Doc. 48.

**Discussion**

"Unless . . . the Court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."  Fed. R. Civ. Proc. 56(b). Under Local Rule 7-2(e), "The time for filing a motion of summary judgment shall be governed by Federal Rules of Civil Procedure 56(b).  A party opposing the motion must file a response within twenty-one (21) days after the motion is served or a responsive pleading is due, whichever is later."  Moreover, under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."  However, the failure to file an opposition to a summary judgment motion does not permit a trial court to grant the motion by default, even if a local rule may so provide.  *Heinemann v. Satterberg*, 731 F.3d 914, 916 (9th Cir. 2013).

According to the certificate of service attached to Jupiter's Motion for Summary Judgment, the motion was served on Singleton's counsel via U.S. Mail on September 25, 2013.  Doc. 38 at 23.  Excluding the day triggering the period under Rule 6(a)(1)(A), adding three days to the service period under Rules 6(d) and 5(b)(2)(C), and carrying over the period through an intervening weekend under Rule 6(a)(1)(C), Singleton's response was due no later than Monday, October 21, 2013.[2]  Singleton filed his "motion to strike" on October 31, 2013—eight days after Jupiter filed its notice of non-opposition.  Singleton ultimately filed a "response" to the motion for summary judgment on December 1, 2013.  Doc. 48.  He has not asked for any relief from the response deadline that he missed by more than 30 days.

---

[1] Jupiter has filed a response, Doc. 45, and Singleton has filed a reply.  Doc. 47.

[2] 24 days from October 26, 2013, was a Sunday, so Singleton had until Monday, October 31, 2013, to respond.

2

Aside from a throwaway reference to "the pleadings and papers on file herein," the sum total of Singleton's reasoning in support of his late filings is as follows:

> Defendant filed a Motion to Strike and Plaintiff filed an Opposition and Counter-Motion. Instead of Defendant waiting for a decision on the motions; Defendant filed their dispositive motion. Based on the Order filed by this Honorable Court on September 30, 2013 the dispositive motion should not have been filed until some time after November 7, 2013 and by December 5, 2013. Therefore, Plaintiff should have twenty-one (21) days in which to file a response whenever Defendant chooses to file their dispositive motion.

Doc. 44 at 2 (formatting in original). Singleton later filed a reply, in which he argued:

> Although the court has discretion when deciding motions to strike, striking a <u>pleading</u> is disfavored. However, in this case, a Motion for Summary Judgment and Non-Opposition, is not a pleading. The offending documents should be stricken because Defendant should have waited until this Honorable Court's order. In addition, this Honorable Court gave a new date for filing dispositive motions. Only a <u>devil</u> would proceed on and even file a Non-Opposition.

Doc. 47 at 2 (citations omitted) (formatting and emphasis in original). Charitably speaking, Singleton's arguments are specious. Under the plain language of Rule 56, which Local Rule 7-2 explicitly adopts, Jupiter could elect to move for summary judgment at any time before the deadline. Singleton never took the routine step of requesting more time to file his response, and nothing in Magistrate Judge Leen's September 30, 2013, Order indicates that the extension of the summary judgment deadline operated to extend Singleton's time for response to Jupiter's already-filed motion. Instead, Judge Leen's Order provided an extension of time by which discovery could be completed so that subsequent summary judgment motions could be filed. *See* Doc. 39. This allowed Singleton additional time to collect and present evidence in support of a counter-motion for summary judgment, which he timely filed. Doc. 49.[3]

Nonetheless, because Singleton's motion to strike is a plain, if clumsy, attempt to avoid the consequences of failing to file an opposition, it is charitably construed as a motion to extend the deadline for filing his opposition to Jupiter's Motion for Summary Judgment. And although ignorance of the law—particularly when a litigant is represented by

---

[3] The motion to strike contains no authorities in violation of L.R. 7-2(a). This presents an independent basis for denying this motion. L.R. 7-2(d).

3

counsel—is no excuse, this Court favors disposition of claims on their merits. Therefore, the Court will grant Singleton's Motion to Strike Jupiter's Notice of Non-Opposition, and will consider his December 1, 2013, response to Jupiter's Motion for Summary Judgment. Docs. 38, 48. Jupiter shall have fourteen (14) days from this order to file any reply.[4]

The remainder of Singleton's compound motion raises a discovery matter, which is properly before Magistrate Judge Leen. The same is hereby referred to Magistrate Judge Leen for adjudication.

## Conclusion

Accordingly, based upon the foregoing reasons and with good cause appearing and no reason for delay,

It is **HEREBY ORDERED** that Singleton's Motion to Strike Summary Judgment; Notice of Non-Opposition as Premature and Motion to Compel [Doc. 44] is **GRANTED** as to his request to strike the Notice of Non-Opposition. The Notice of non-Opposition [Doc. 43] shall be stricken, and Jupiter shall have fourteen (14) days from the issuance of this order to file any reply in support of its Motion for Summary Judgment.

It is **FURTHER ORDERED** that the remainder of the Motion pertaining to Singleton's Motion to Compel discovery is hereby referred to Magistrate Judge Peggy A. Leen for adjudication.

DATED: January 9, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

---

[4] Singleton is also cautioned that the deadline extension in this Order pertains only to his response to Jupiter's Motion for Summary Judgment, Doc. 38, and the December 1, 2013, filing in response thereto. Doc. 48. No other case deadlines are extended by this order.