# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GARY SINGLETON,

          Plaintiff,

vs.

JUPITER COMMUNITIES, LLC,

          Defendant.

Case No. 2:12-cv-02056-JAD-PAL

**ORDER**

Before the court is Singleton's Motion to Compel Discovery which was filed along with a Motion to Strike Summary Judgment (Dkt. #44). On January 9, 2014, the district judge referred the motion to compel portion of the filing to the undersigned for a decision. The court has considered the motion, Defendant's Response (Dkt. #45), and Plaintiff's Reply (Dkt. #47).

## BACKGROUND

Plaintiff filed a Complaint (Dkt. #1) December 12, 2012, asserting claims for unlawful employment discrimination. The complaint alleges the Plaintiff was employed by Defendant as a maintenance supervisor. Complaint, ¶10. On April 5, 2011, Plaintiff injured his right arm and shoulder, tearing his rotator cuff in a work-place injury. *Id.*, ¶11. On July 28, 2011, and despite his doctor's restrictions, Plaintiff was allegedly directed by his supervisor to move a dryer into an upstairs apartment. *Id.,* ¶14. As he was lifting the dryer, his hand slipped, and he fell backward down sixteen stairs. *Id.*, ¶15. Plaintiff claims he was harassed by his supervisor about when he would return to work and eventually terminated for pursuing a worker's compensation claim. *Id.*, ¶¶15, 17. After Plaintiff was terminated, Defendant transferred "Jose" to Plaintiff's position. *Id.*, ¶19. Jose was thirty-five years of age and Plaintiff was sixty-one at the time Plaintiff was terminated. *Id*. Jose earned less money than Plaintiff. *Id*. Based on these allegations, Plaintiff asserted claims for: (1) unlawful

discriminatory employment practices in violation of NRS 613, Title VII, the ADEA, and the ADA; (2) retaliation and tortious discharge; and (3) injunctive relief.

In an Order (Dkt. #39) entered September 30, 2013, the court resolved a number of the parties' discovery disputes. Among other things, the order allowed Plaintiff to take the depositions of Chris Heller and Megan Lopez no later than October 24, 2013. Both depositions had been scheduled before the discovery cutoff, but were cancelled because prior defense counsel advised the witnesses were unavailable on the date scheduled within the discovery cutoff. The motion to compel seeks to compel the Defendant to produce documents requested in the subpoena duces tecum served with Mr. Heller's deposition. The documents were requested in the initial notice and subpoena duces tecum setting Mr. Heller's deposition in August 2013, and again prior to his October deposition.

Pursuant tot he court's order Mr. Heller's deposition was taken October 22, 2013. However, he did not produce the documents as required in the subpoena. The day before the deposition, counsel for Defendant sent counsel for Plaintiff an email stating that Mr. Heller would not be bringing the documents as requested. An email dated October 22, 2013 is attached as Exhibit "3" to Plaintiff's motion. In it, defense counsel informed Plaintiff's counsel of Defendant's formal objections pursuant to Fed. R. Civ. P. 45(c)(2)(B) for the documents in dispute. Defense counsel took the position that Plaintiff's request for records was untimely and improper because discovery closed except for the items specifically addressed in the court's September 30, 2013 order. No other grounds for objecting to the subpoena were provided.

Defendant opposes the motion to compel for the same reasons. That is, Defendant argues the court's September 30, 2013 order did not allow for any document discovery, and that the court specifically denied Plaintiff's request for an inspection of Defendant's premises under Rule 34. Because Plaintiff had ample opportunity to conduct discovery before the cutoff, the motion is procedurally improper and should be denied. Additionally, Defendant argues the issue is a "red herring" because the order allowed Mr. Heller's deposition, not a Rule 30(b)(6) corporate witness, and Mr. Heller is neither a human resources witness, nor custodian of personnel records. Finally, Defendant claims Plaintiff was free to ask Mr. Heller about the documents and the employees mentioned in the document requests at his deposition, but did not ask a single question about any of these issues.

1     Plaintiff replies that the deposition of Mr. Heller was initially set August 23, 2013, and the
2 subpoena duces tecum required him to produce the records in dispute.

### DISCUSSION

4     Counsel for Plaintiff is correct that the initial August 2013 deposition notice was also
5 accompanied by a subpoena duces tecum that required the witness to produce the documents in dispute
6 in this motion. Pursuant to Rule 45(d)(2)(B), a person commanded to produce documents may serve
7 the party requesting the documents with objections. "The objections must be served before the earlier
8 of the time specified for compliance, or fourteen days after the subpoena is served." Rule 45(d)(2)(B).
9 Neither counsel for the Defendant, nor the witness objected to producing the documents requested in
10 the initial subpoena duces tecum served in August 2013. The deposition was only cancelled because
11 counsel for Defendant indicated the witnesses were unavailable on the date scheduled, and an interim
12 change in defense counsel created communication problems. Counsel for Defendant did not raise the
13 issue , or assert any objections to complying with the subpoena in opposing Plaintiff's motion for an
14 extension of the discovery cutoff for limited purposes, and did not serve objections until October 22,
15 2013.

16     The opposition to this motion suggests that the issue is a "red herring" because the court
17 allowed Mr. Heller's deposition, not a Rule 30(b)(6) corporate witness deposition. Additionally,
18 defense counsel represents that Mr. Heller is not in human resources, or a custodian of personnel
19 records. Defense counsel does not, however, claim that Mr. Heller did not have care, custody or control
20 or the ability to produce the records as subpoenaed. The objections served the day before his deposition
21 did not claim that he did not have access to, or could not produce the documents.

22     Neither side informed the court who Mr. Heller is, or what his relationship to this lawsuit is.
23 Judges are not required to comb through the entire docket and all its pleadings and papers to figure
24 these things out. However, the declaration of Mr. Heller was attached as Exhibit "C" to Defendant's
25 motion for summary judgment (Dkt. #38). The declaration avers that Mr, Heller is the regional
26 manager of the Las Vegas area for the Defendant. *Id*., Exhibit "C" ¶1. Plaintiff's motion does not
27 explain how the records pertaining to the dates of termination of Diane Gayles and Curtis Perry are
28 relevant or discoverable to his claims. Plaintiff also does not explain why records about the age and

1  salary at hiring and date of hiring of Leo Vickcarra and Steve Ferguson are relevant and discoverable.
2  On the other hand, defense counsel does not claim these records are not otherwise relevant and
3  discoverable, only that they were not timely requested.  Additionally,  Defendant's argument about the
4  court's  order denying Plaintiff's request to reopen discovery to inspect an apartment occupied by a
5  witness has nothing to do with this dispute.  Plaintiff had a 2011 affidavit of the witness and was well
6  aware of the damaging information he provided before this lawsuit was filed and the court therefore
7  found there was no justification for failing to make a timely request for inspection of the apartment.
8         In this case, neither the witness, nor counsel for Defendant, timely objected to the initial
9  deposition notice and subpoena duces tecum, or moved to quash or modify the subpoena.  However, the
10 initial deposition notice and subpoena duces tecum set the deposition only days before the August 26,
11 2013 discovery cutoff.  Plaintiff did not serve a Rule 34 request for production of documents thirty days
12 before the expiration of the discovery cutoff which would have given the Defendant the time allowed
13 by the Rule 34 to respond or object.  The purpose of Rule 45 is generally to allow counsel to compel
14 someone who is not a party to appear for a deposition and/or produce documents.  The documents
15 Plaintiff seeks are clearly Defendant's documents, not those of the non party witness, and Rule 45 is not
16 the proper procedure to seek discovery more appropriately subject to a Rule 34 request.  *See*, *e.g.*,
17 *Slama v. City of Madera*, 2001 W.L. 6100511, *2 (E.D. Cal. 2011) (finding Plaintiff's Rule 45
18 subpoena improper because discovery aimed at parties governed by other discovery rules).  Moreover,
19 as one court has observed "It is black letter law that parties may not issue subpoenas pursuant to Federal
20 Rule of Civil Procedure 45 as a means to engage in discovery after the discovery deadline has passed."
21 *Joseph P. Carroll, Ltd. v. Baker*, 2012 W.L. 1232957, *2 (S.D.N.Y. 2012).   In this case the subpoena
22 duces tecum was issued after the deadline for serving written discovery in time for Defendant to
23 respond before the discovery cutoff, and therefore intended to circumvent the court imposed deadline.
24        In short, neither side has complied with the rules .  However, the court concludes that Plaintiff's
25 eleventh hour attempt to obtain these documents by subpoena duces tecum rather than by a Rule 34
26 ///
27 ///
28 ///

request is improper, and the court will therefore deny Plaintiff's motion to compel.

Having reviewed and considered the matter,

**IT IS ORDERED** that Plaintiff's Motion to Compel (Dkt. #44) is **DENIED**.

Dated this 15th day of January, 2014.

_____
Peggy A. Leen
United States Magistrate Judge